UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VERNON HERBST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cv-00018-TLS-SLC |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Extend Deadline for Service of Complaint on Defendant (DE 5), together with two supporting affidavits and a memorandum (DE 5-1; DE 5-2; DE 6), filed by Plaintiff Vernon Herbst on May 24, 2017, seeking an additional 48 days under Federal Rule of Civil Procedure 4(m) to effect service on Defendant CSX Transportation, Inc. ("CSX"). Because Herbst has proffered a sufficient basis for the Court to exercise its discretion, and because the relevant factors favor granting the extension, Herbst's motion will be GRANTED.

*A. Factual and Procedural Background*

On January 18, 2017, Herbst filed his complaint against his employer, CSX, alleging that CSX had discriminated and retaliated against him on the basis of a disability or a perceived disability, in violation of the Americans with Disabilities Act (ADA). (DE 1). Attached to the complaint is: (1) a Charge of Discrimination that Herbst filed with the EEOC on December 30, 2014 (DE 1-1); and (2) a Notice of Right to Sue issued by the EEOC on October 28, 2016, a copy of which was issued to CSX at the time, indicating that Herbst had 90 days after receipt of the Notice to file a lawsuit (DE 1-2).

On May 24, 2017, Herbst filed the instant motion, stating that due to counsel's "honest error, oversight, inadvertent omission and/or miscommunication," service of the summons and

complaint on CSX was not effected within 90 days of Herbst's filing of his complaint as required by Rule 4(m). (DE 6 at 2). Herbst explained:

> The oversight and error stemmed from a misunderstanding on Plaintiff's counsel's part regarding the accessability of the summons to the assigned paralegal when a copy was e-mailed to Plaintiff's counsel, as well as inadvertent omissions in which the paralegal, who was new to the firm and also to the procedures for filing and service of federal complaints, did not print or mail out the summons and Complaint to the Defendant when the case was first filed. Similarly, no task list entries were made by the paralegal into the . . . office's task list system, contrary to normal office procedure, which would have provided an alert to the paralegal of when to check the status of service, and in turn would have triggered an alert be given to the attorney to take further steps to ensure completion of the service within ninety days from the filing of the Complaint.

(DE 6 at 1-2 (citations omitted)). Herbst further emphasized that "as soon as Plaintiff's counsel learned that service of the Complaint had not occurred, the necessary steps were taken to immediately, the same day, mail out the summons and Complaint." (DE 6 at 4 (citation omitted)).

On June 1, 2017, Herbst filed proof of service of the summons on CSX. (DE 7). Counsel first appeared on CSX's behalf on June 9, 2017 (DE 8; DE 9), and CSX filed an answer to Herbst's complaint on July 12, 2017 (DE 13). CSX has not filed a response to the instant motion, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(A).

## *B. Analysis*

Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

2

Fed. R. Civ. P. 4(m). Here, according to Rule 4(m), Herbst was to effect service on CSX on or before April 18, 2017. Herbst, however, did not effect service on CSX until 36 days after that—on May 24, 2017. (DE 7).

Herbst represents that his failure to effect service was due to attorney inadvertence and that this constitutes good cause to extend the deadline under Rule 4(m). Contrary to Herbst's assertion, the Seventh Circuit has stated that attorney inadvertence does not satisfy the good cause standard. *See Powell v. Starwalt*, 866 F.2d 964, 965 (7th Cir. 1989) (finding that plaintiff's attorney "was asleep at the switch, the opposite of good cause"); *Kinney v. Ind. Auto. Fasteners, Inc.*, No. 1:13-cv-01901-TWP-DKL, 2014 WL 6473225, at *2 (N.D. Ind. Nov. 17, 2014) (finding that counsel's "miscommunication, oversight, and clerical error" was not good cause); *McCullum v. Silver Cross Hosp.*, No. 99 C 4328, 2001 WL 969076, at *3 (N.D. Ill. Aug. 21, 2001) ("[I]nadvertent failure to serve a defendant within the statutory period . . . [does not] establish good cause." (citation omitted)). Therefore, the Court is not compelled to afford the extension to Herbst under Rule 4(m).

That, however, does not end the inquiry, because "if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time . . . ." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (citations omitted); *see also Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) ("[T]he case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline." (citations omitted)); *Kinney*, 2014 WL 6473225, at *2-3 ("A plaintiff may avoid dismissal under Rule 4(m) by a showing of good cause or upon the exercise of the court's judicial discretion." (citations omitted)). "Thus the plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *McLaughlin*, 470 F.3d at 700.

"In *Coleman*, the court noted that exercising discretion to permit service is more likely in cases where the defendant's ability to defend the suit is not harmed, where the defendant had received actual notice of the suit, and where dismissal without prejudice" would have the same practical effect as a dismissal with prejudice due to running of the statute of limitations. *Harding v. VanNatta*, No. 2:05 CV 261, 2007 WL 1280590, at *4 (N.D. Ind. Apr. 30, 2007) (citing *Coleman*, 290 F.3d at 934).

As Herbst emphasizes, he received the Notice of Right to Sue from the EEOC on October 28, 2016, and thus, the latest date upon which he could file his ADA claims in this Court was January 26, 2017. Therefore, dismissal of Herbst's complaint "without prejudice" under Rule 4(m) would have the same practical effect as a dismissal with prejudice because he would be barred from refiling. *See id.* at *5 (granting motion for extension of time to effect service because plaintiff's claims would have otherwise been barred by the statute of limitations); *Kinney*, 2014 WL 6473225, at *3 (same). Moreover, although not timely served process, CSX had notice of the underlying facts of this suit due to Herbst's filing of a Charge of Discrimination with the EEOC on December 30, 2014, and the resulting Notice of Right to Sue issued by the EEOC on October 28, 2016, which was copied to CSX. *See McLaughlin*, 470 F.3d at 701 (affirming district court's granting extension of time to effect service because defendant had received a copy of the complaint within the Rule 4(m) time period, even though his receipt of that copy of the complaint did not constitute service of process); *Kinney*, 2014 WL 6473225, at *3 (granting extension of time to effect service where defendant's counsel had received a copy of the Dismissal and Notice of Rights Letter issued by the EEOC to plaintiff).

The other factors also support granting the extension, as it appears unlikely that any party, or the Court, would be prejudiced by the extension of time. There is no indication of

spoliation of evidence or CSX's difficulty in defending this case due to the relatively brief extension; in fact, CSX opted not to respond to the instant motion. *See McLaughlin*, 470 F.3d at 701 ("When delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the [90]-day period has expired, cannot be an abuse of discretion." (citations omitted)). Finally, Herbst's failure to effect service of process was the result of compounding clerical errors; there is no evidence of deliberate omission or bad faith on his part. *See Giallanza v. Intercontinental Hotels Grp., Inc.*, No. 03 C 7895, 2004 WL 1574227, at *2-3 (N.D. Ill. July 12, 2004) (granting extension of time to effect service because plaintiff believed that she was complying with proper service procedures and that her complaint had been received by defendants). Accordingly, Herbst has proffered a sufficient basis for the Court to exercise its discretion to extend the time for service under Rule 4(m).

### C. Conclusion

For the foregoing reasons, Herbst's Motion to Extend Deadline for Service of Complaint on Defendant (DE 5) is GRANTED. The Court affords Herbst up to and including June 5, 2017, to effect service on CSX, and as such, the Court DEEMS Herbst's service of summons on CSX on May 24, 2017 (DE 7) to be timely under Rule 4(m).

SO ORDERED.

Entered this 24th day of July 2017.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge